```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CARL D. WELLS,                                                    :
                                                                  :
                              Petitioner,                         :
                                                                  :           25-cv-5651 (LJL)
            -v-                                                   :
                                                                  :               ORDER
SUPT. M. KING, CLINTON C.F.,                                      :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/2025

LEWIS J. LIMAN, United States District Judge:

Petitioner Carl Wells ("Petitioner" or "Wells") has filed a petition under 28 U.S.C. § 2254 challenging his conviction in New York State Supreme Court, New York County, for robbery in the second degree. Dkt. No. 1 ("the Petition").[1] The Court has directed the State of New York to respond to the Petition. Dkt. No. 5. By letter of October 6, 2025, the State has moved for the Court to issue an order directing Petitioner to provide a more definite statement of his claims or, in the alternative, an extension of time to respond. Dkt. No. 18. Wells has moved for appointment of counsel. Dkt. Nos. 13, 20.

The motion for a more definite statement is DENIED but the request for a one-month extension is GRANTED. The State's response to the Petition shall be due on November 25, 2025. It shall serve a copy of the response on Petitioner by that same date. Petitioner's reply shall be due no later than January 16, 2026. The request for counsel is DENIED.

The motion for a more definite statement is predicated on the grounds that the Petition

---

[1] The Court dismissed Petitioner's prior Section 2254 petition without prejudice for his failure to exhaust state remedies. *See Wells v. Miller*, 2023 WL 2647891 (S.D.N.Y. Mar. 27, 2023).

states "multiple and ambiguous grounds for relief." Dkt. No. 18 at 2. But the Court is required to review the Petition liberally to state the strongest grounds it suggests. *See Tingling v. Donelli*, 2008 WL 4724567, at *2 (S.D.N.Y. Oct. 24, 2008) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The State should address the Petition in the same spirit.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("a habeas petitioner has no constitutional right to counsel in his habeas proceeding"); *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) ("there is no constitutional right to representation by counsel in habeas corpus proceedings") (quoting *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)). The Court "has discretion to appoint counsel in the interest of justice." *Rucano v. LaManna*, 2020 WL 978825, at *3 (E.D.N.Y. Feb. 28, 2020). It is guided by the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986). The Court first considers whether petitioner's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If the claims meet this threshold requirement, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61–62.

At this early stage of the proceedings, Petitioner has not shown that his claims are likely to have merit. Accordingly, the motion for appointment of counsel is denied.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 13, 18, and

20, and to mail a copy of this Order to Petitioner at the address provided on the docket.

SO ORDERED.

Dated: October 27, 2025
      New York, New York

                                    LEWIS J. LIMAN
                             United States District Judge