```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
CARL D. WELLS,                                                     :
                                                                   :
                              Petitioner,                          :
                                                                   :         25-cv-5651 (LJL)
          -v-                                                      :
                                                                   :              ORDER
SUPT. M. KING, CLINTON C.F.,                                       :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Petitioner Carl Wells ("Petitioner") applies for appointment of counsel. Dkt. No. 20. Respondent Superintendent King ("Respondent") applies for a four-week extension to respond to Petitioner's Section 2254 petition. Dkt. No. 24. Petitioner's application is DENIED. Respondent's motion is GRANTED.

Petitioner's Section 2254 petition was filed on the docket on July 8, 2025. Dkt. No. 1 ("the Petition").[1] The Petition challenges his 2019 conviction for robbery in the second degree under the New York Penal Law. *Id.* at 1. The Court issued an order to answer on August 5, 2025. Dkt. No. 5.

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." *United States v. Yousef*, 395 F.3d 76, 77 (2d Cir. 2005). Still, "courts may appoint counsel to a financially eligible habeas petitioner under the Criminal Justice Act when 'the interests of justice so require.'" *Cofield v. United States*, 2022 WL 1177346, at *2

---

[1] The petition was placed in the prison mailbox in June 2025. Dkt. No. 1 at 3. Petitioner also characterizes his petition as seeking *coram nobis* relief. Dkt. No. 20. The difference is immaterial for purposes of this motion.

(S.D.N.Y. Mar. 14, 2022) (quoting 18 U.S.C. § 3006A(a)(2)(B)).  "[A] request for the appointment of counsel in a habeas corpus proceeding is analyzed in the same manner as any other application for the appointment of counsel in civil cases pursuant to 28 U.S.C. § 1915(e)(1)." *Anderson v. Bradt*, 2013 WL 5208045, at *1 (E.D.N.Y. Sept. 13, 2013); *see Brown v. New York,* 2025 WL 1597903, at *1 (S.D.N.Y. May 2, 2025).  "For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *James v. Keyser*, 2021 WL 1040474, at *2 (S.D.N.Y. Mar. 18, 2021) (internal quotation marks omitted) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986)).  "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: '[petitioner]'s ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" *Tarafa v. Artus*, 2010 WL 2545769, at *1 (S.D.N.Y. June 9, 2010) (quoting *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989)).

The Court has reviewed the Petition.  It also has reviewed the decision of the Appellate Division, First Department, affirming Petitioner's conviction.  Dkt. No. 1 at 4.  It has not yet received the records of the state court proceedings.  On the basis of the current record, and without the benefit of the record of the state court proceedings, Petitioner has not shown that his claim has substance or a likelihood of success on the merits.  The request for appointment of counsel therefore is denied without prejudice.

Respondent moves for a four-week extension of the time to answer to December 23, 2025.  Dkt. No. 24.  Respondent notes that the state court proceedings are extensive, going back

to 2006, and that Respondent still does not have all of the state court documents. *Id.* at 1. Respondent has shown good cause for the extension. It therefore is granted. Respondent is put on notice that the Court is unlikely to grant any further extensions.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 18, 20 and 24 and to mail a copy of this Order to Petitioner at his address on the docket.

SO ORDERED.

Dated: November 24, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                   United States District Judge